Common Pleas Court of Hamilton County.

METROPOLITAN LIFE INS. CO. V. HARREL B. ONSTOTT.

Decided December 1, 1933.

*Mallon, Vordenberg & Marble,* for plaintiff in error.
*Shook, Davies, Hoover & Beall,* for defendant in error.

DARBY, J.

In the Municipal Court of Cincinnati Harrel B. Onstott sought to recover from the insurance company on three separate contracts of insurance. These contracts were

supplementary to the principal contract to which they were attached. At the conclusion of all the evidence both parties moved for an instructed verdict, whereupon the court found for the plaintiff, and gave judgment for the full amount claimed.

For convenience the parties will be referred to as they stood in the Municipal Court.

The bill of particulars sets forth the three original contracts of life insurance, and proceeds to allege the supplementary contracts attached thereto. The first cause of action sets forth:

"Under said supplementary contract the defendant agreed upon receipt of due proof, that plaintiff had, while said policy and supplementary contract were in full force, become totally and permanently disabled as a result of disease occurring and originating after the issuance of said policy, so as to be prevented from engaging in any occupation and performing any work for compensation or profit and that such disability had already continued uninterruptedly for a period of at least three months, defendant would during the continuance of said disability, pay to plaintiff a monthly income of ten dollars, said payments to begin as of the date of commencement of said disability."

Plaintiff further says that all the premiums were paid, and that on August 21, 1931, plaintiff became and has ever since remained permanently and totally disabled as the result of a disease occurring and originating after the issuance of said policy, so as to be prevented thereby from engaging in any occupation or work for compensation. Plaintiff further alleges that he furnished due proof, on forms provided by the company, of said disability, but the company has failed and refused to comply with its obligations. He claims therefore, that there is $150.00 due under each of said causes of action.

The supplementary contracts were issued on June 13, 1924, June 26, 1924 and March 17, 1925, respectively.

The statement of defense of the defendant admits the policy as set forth, and for want of knowledge denies that plaintiff has been permanently and totally disabled as alleged, since August 24, 1931.

In the second defense the defendant avers that:

"if plaintiff is totally and permanently disabled as alleged in the petition, which defendant specifically denies, that nevertheless such disability did not result from any bodily injury or disease occurring and originating after the issuance of said policies, but that the said disability, if any, resulted from and was caused by an early paretic condition, syphilis, congenital luetic neurosis and other diseases, all of which were contracted, acquired and existed for a long time prior to the dates of the issuance of said policies."

The third defense denies that such disabled condition if it exists, continued for three months previous to the receipt of proof of alleged disability.

The fourth defense is that plaintiff has not been totally, permanently and continuously disabled by reason of any disability.

The reply sets up in answer to the defenses referred to, that the policies contained a provision—

"that the liability of the defendant company should be incontestable after two years from the date of issue of the policies, except as to proof that plaintiff's disability is total and permanent."

The supplementary contracts provide that the company in consideration of the application for the contract, and in consideration of the payment of $1.75 payable annually, agrees—

" * * * that upon receipt by the company at its Home Office in the city of New York of due proof, on forms which will be furnished by the company, on request, that the insured has, while said policy and this supplementary contract are in full force and prior to the anniversary date of said policy nearest to the sixtieth birthday of the insured, become totally and permanently disabled, as a result of bodily injury or disease occurring and originating after the issuance of said policy, so as to be prevented thereby from engaging in any occupation or performing any work for compensation or profit and that such disability has already continued uninterruptedly for a period of at least three months, it will during the continuance of said disability".

make certain payments and certain waivers.

A further provision of the supplementary contract is as follows:

"A. The provision of said policy as to incontestability shall apply hereto but shall not preclude the company from requiring as a condition to recovery hereunder, due proof of such total and permanent disability as entitles him to the benefits hereof."

The provision of the contract as to incontestability is as follows:

"3. INCONTESTABILITY. This policy shall be incontestable after it has been in force for a period of two years from its date of issue except for non-payment of premiums and except as to the provisions and conditions relating to benefits in the event of total and permanent disability, and those granting additional insurance, especially against death by accident contained in any supplementary contract attached to and made part of this policy."

It was the claim of the plaintiff that the disease referred to developed in August of 1931, and that it advanced thereafter until by reason thereof he became totally and permanently disabled as claimed in the bill of particulars.

The plaintiff's claim further was that under the incontestability clause the defendant should be denied the right to prove that the disease did not arise after the issuance of the supplementary contracts.

The opinion of the court below was that the provision as to incontestability made irrelevant any evidence on behalf of the defendant tending to show that the disease originated prior to the issuance of the contracts.

On page 115 of the bill of exceptions this opinion was expressed by the court in answer to a suggestion by Mr. Marble, for the insurance company, as follows:

"MR. MARBLE: I understand Your Honor to have taken the position that the policy is incontestable, and that we could not show that the disease arose before the issuance of the policies?

"THE COURT: Quite correct.

"MR. MARBLE: Therefore in rendering your decision you exclude the question as to the possibility of the disease arising before the issuance of the policy?

"THE COURT: Yes, I am excluding that entirely. I am

finding that the disease occurred after issuance of the policy.

"MR. MARBLE: But I understand, according to your theory of the case, that you are ruling on the evidence—

"THE COURT: Ruling on the evidence. I am ruling you cannot go back of that clause, that incontestability clause in the policy that the disease is something he had at birth."

In the evidence offered on behalf of the plaintiff one of the physicians testified that the disease which caused the alleged total and permanent disability was congenital. The plaintiff denied that he suffered from the disease as diagnosed by the doctors. He claimed that he had never been afflicted with such disease, and that, specifically, he was not so afflicted when he lived in Kentucky some years before the contracts were issued.

The defendant offered evidence tending to show that while the plaintiff was living in Kentucky and prior to the issuance of the contracts, plaintiff was afflicted with the disease referred to, and that he was treated therefor by a physician, and that another physician who was the public health officer, had ordered him to cease his occupation as a barber because of his physical condition.

The principal claim of error made on behalf of the company is that the court excluded evidence which would tend to show that the insured had not, during the life of the contract, "become totally and permanently disabled as a result of bodily injury or disease occurring and originating after the issuance of said policy * * *."

There was no defense made by the company which sought to contest the validity of the contracts. What the company sought to do by the evidence which it offered, was to show that the plaintiff did not bring himself within the contracts. It sought to do this by showing that whatever conditions arose in August 1931 and continued thereafter, had its origin in physical conditions of the plaintiff arising prior to the issuance of the contracts.

The issue was directly made in the pleadings. The petition avers that the disability "arose as a result of disease occurring and originating after the issuance of said policy." The statement of defense puts that claim directly in issue by averring that—

"such disability did not result from any bodily injury or disease occurring and originating after the issuing of said policies, but that said disability, if any, resulted from and was caused by an early paretic condition * * * all of which were contracted acquired and existed for a long time prior to the date of the issue of said policy."

However the claim of incontestability is decided in this case, the policies and supplementary contracts will continue in existence and the plaintiff would have a right to recover at any time that total and permanent disability arose from injury or disease occurring after issuance of the policies.

It seems to be a generally accepted principle that the policies should be construed more strongly against the insurer and in favor of the insured. It is equally clear that the policy is a contract and that the plaintiff may only recover according to the contract. If the contract provides for recovery only upon certain contingencies, and proof thereof, those contingencies and the proof thereof must exist. The contract having existed for more than two years is of course incontestable as a contract, but it would seem recovery may not be allowed unless the contingencies upon which liability arises exist.

It cannot be stated too strongly that the company is not contesting the validity of the contract. What it is contesting by its answer and the evidence offered in support thereof is plaintiff's claim that he is totally and permanently disabled as a result of bodily injury or disease occurring and originating after the issuance of the policy.

A very clear distinction exists between the incontestability of the contract on the one hand, and the liability of the defendant under the contract on the other hand.

As has been stated, one of the provisions of the supplementary contract is the following:

"A. The provision of said policy as to incontestability shall apply hereto, but shall not preclude the company from requiring as a condition to recovery hereunder, due proof of such total and permanent disability as entitles him to the benefits hereof."

Now what is "total and permanent disability as entitles

him to the benefits hereof?" The contract answers the question by saying that the proof to be furnished to the company is

" * * * that the insured has, * * * become totally and permanently disabled, as a result of bodily injury or disease occurring and originating after the issuance of said policy, so as to be prevented from engaging in any occupation, etc."

Again, the provision as to incontestability excepts from such incontestability "the provisions and conditions relating to benefits in the event of total and permanent disability."

All of these provisions of the contract and the supplementary contract show very clearly that though the contract after two years was incontestable, that the company was only liable upon the occurring of the condition specifically stated.

A case involving very similar facts is *John Hancock Mutual Life Ins. Co.* v. *Hicks,* 43 O. A., 242, and the real question involved in this case was decided by the Court of Appeals for Franklin county. On p. 249 of the opinion the court say:

"* * * Our determination is a matter of first impression, as, strange as it may seem, there is no case in Ohio in which the identical question here presented has been considered."

The syllabus in the case is as follows:

"1. Insurance policy is voluntary contract which may be made upon such terms and conditions, not conflicting with public policy, as parties agree.

"2. Beneficiary seeking to recover on life insurance policy containing disability clause must establish disease causing insured's disability was contracted after date of policy, notwithstanding incontestability clause.

"3. Insurer must plead and prove exceptions to risk covered by policy.

"4. That insurer accepted premiums on disability clause after claim thereunder was made *held* not waiver of right to require proof that insured's disability was caused by hazard covered by policy."

Provisions as to the proof of loss and disability of the

insured in the last mentioned case are substantially the same as contained in the contracts in the instant case.

The Court of Appeals seems to have made an exhaustive study of the principles involved, and the decisions relating to this subject. The facts in each of the cases examined by the Court of Appeals vary to some extent from the case at bar, but the principle is so well stated in *Sanders* v. *Jefferson Standard Life Ins. Co.*, (C. C. A.) 10 Fed. (2nd) 143, that somewhat extended quotation is made from that decision. The second proposition of the syllabus is in these words:

"Incontestability clause does not prevent insurer from disputing that insured's claim is covered by the policy."

On p. 143 the court further say:

"* * * By the policy the insurer promises to pay specified sums of money in specified contingencies."

Further on p. 144 the court says:

"* * * A provision for incontestability does not have the effect of converting a promise to pay on the happening of a stated contingency into a promise to pay whether such contingency does or does not happen. It cannot properly be said that a party to an instrument contests it by raising the question whether under its terms, the liability asserted by another party has or has not accrued."

In the last case the question arose as to whether a double indemnity arose under the contract. Such double indemnity was provided for under certain contingencies, and there was no attempt to contest the validity to pay the original amount, but the contest was as to the liability to pay the double indemnity because of the facts in the case, and the court held that on the facts the insured was not entitled to recover the double indemnity.

The case of *Brady* v. *Prudential Ins. Co.*, 168 Penn. 645, is also cited in the Court of Appeals decision above referred to. The question involved was as to whether or not where there was a provision for incontestability after a certain period which had passed, the insured was relieved from the necessity of bringing suit on the policy within

six months as specified in the policy. The court held that the insured was not relieved from the duty to bring the action within the specified time by the clause as to incontestability. The court on p. 649 say:

"* * * In considering this question it is important to remember that the application for insurance and the acceptance of it by the company which is evidenced by the policy, constitute, when taken together, the contract. If the representation as to age, state of health or general physical condition on which the policy was issued turn out to be untrue, the right of its representative to recover may be contested for that reason, and the company may deny its liability under a policy so obtained. The twelfth clause puts a limit upon the time when such objections may be made. (This is the incontestability clause.) If the insured lives for three years and pays all money due from him in the meantime, then the statements made in the application are taken to be true. They are no longer contestable. The policy is to be held to be a good and valid contract binding upon the company according to its terms. In case of death happening after three years the policy if suit be brought upon it is not to be defeated by inquiry into representations on which it was based, but the company must be held to performance. What then is the undertaking of the company? It is to pay if suit be brought within the time stipulated, and proper proofs of death are produced. But suppose the proofs of death are not sufficient. The right of the company to contest its liability on that ground is not affected by the twelfth clause. So, if the action is not brought within the time fixed the company may contest, not the policy, but the plaintiff's right to recover upon it for that reason."

In *Scarborough* v. *Ins. Co.*, 171 N. C., 353, the court say:

"2. The non-contestability clause in a policy of life insurance refers to the contract entered upon in accordance with its terms and where the insured has been put to death under sentence of the law the insurer may plead this in defense of payment, notwithstanding the non-contestable clause."

On p. 355 the court say:

"The incontestable clause in this policy does not prevent the defendant from setting up the defense interposed in this action.

"By the use of the term 'incontestable' the parties must

necessarily mean that the provisions of the policy will not be contested and not that the insurance company agrees to waive the right to defend itself against a risk which it never contracted to assume."

See also, *Collins* v. *Metropolitan Life Ins. Co.*, 27 Pa. Super. Court, 353.

Other cases are cited by the Court of Appeals not in conflict with its view when the facts are examined.

A recent case is *Illinois Bankers Life Assn.* v. *Byassee*, 169 Ark., 230 in which the court say:

"4. The two years' incontestable clause in a policy of insurance does not exclude the defense of a failure to furnish proof of loss or disability as such a defense is not a contest of the policy, but an assertion by way of defense of a failure to perform a condition precedent to recovery."

8 Couch Cycl. Ins. Law, Sec. 2155, p. 6960, under the head of "Defenses" contains the following:

" * * * and it has been held that notwithstanding the incontestable clause the insurer may after the expiration of the period, defend on the ground of want of insurable interest if the policy otherwise would have been void for lack thereof. A clause making a life insurance policy incontestable also has been held not to prevent the insurer from contesting its liability on the ground that the insured was executed for a crime, or that she died as a result of a self-inflicted abortion, where the policy provided that it should be void if the insured should die any time in consequence of an immoral, intemperate or criminal action, although the incontestable clause itself only excepted fraud."

In the same book and paragraph, on p. 6962 the author says:

"A benefit certificate which never became effective because of a false representation that the applicant was not engaged in a certain prohibited occupation cannot be validated by an incontestable clause. Nor does the expiration of the period of incontestability close the door to the defense that the contingency upon which liability depends has not occurred. And an incontestable clause does not prevent an insurer which admits liability or has paid the face value of the policy from contesting liability under an

exception in a 'double indemnity clause' although the policy does not expressly exempt such indemnity clause from the operation of the incontestable clause. The incontestable clause has no application to the requirement for furnishing proofs of loss since the defense of failure to make such proof is not a contest of the policy itself, but is an assertion by way of defense of a failure to perform a condition precedent to recovery  *  *  *."

This court is of the opinion that the Municipal Court erred in its refusal to admit and consider evidence offered by the defendant tending to show that the injury or disease causing the alleged total and permanent disability did not occur and originate after the issuance of the policy, thereby depriving the defendant of a substantial defense to the claims.

In its ruling as to the matter in issue, the court below was consistent with its ruling on the evidence offered by the defendant.

Other errors are alleged in the introduction of evidence which the court does not consider of sufficient importance to note in view of its holding as above.

Because of the exclusion by the court of the evidence to prove the defense as above stated, the judgment of the Municipal Court is reversed and the cause remanded for new trial.